UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:23-CV-30084

THE RIGHT TO BEAR FARMS LLC &
SILLY GOOSE PRODUCTIONS LTD,

    Plaintiffs,

v.

DEGRENIER CONTRACTING AND
PROPERTY MANAGEMENT LLC,
CHAD DEGRENIER & CARIN
DEGRENIER,

    Defendants

### ANSWER AND JURY DEMAND OF DEFENDANTS, DEGRENIER CONTRACTING AND PROPERTY MANAGEMENT LLC, CHAD DEGRENIER & CARIN DEGRENIER TO PLAINTIFF'S COMPLAINT

Defendants, DeGrenier Contracting and Property Management LLC, Chad DeGrenier & Carin DeGrenier (collectively referred to herein as "DeGrenier") responds to Plaintiff, The Right to Bear Farms LLC & Silly Goose Productions LTD, ("plaintiff") Complaint as follows:

### PARTIES AND JURISDICTION

1.     DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.     DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3.     Admit.

4.     Admit.

5.     Admit.

103139598

## JURISDICTION

6. Paragraph 6 asserts a legal conclusion that does not require an answer. To the extent Paragraph 6 contains any allegations against DeGrenier, such allegations are denied.

7. Paragraph 7 asserts a legal conclusion that does not require an answer. To the extent Paragraph 7 refers to a document, such document speaks for itself.

8. Paragraph 8 asserts a legal conclusion that does not require an answer. To the extent Paragraph 8 contains any allegations against DeGrenier, such allegations are denied.

## FACTS

9. DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. DeGrenier admits he was retained to serve as Construction Manager for the Stamford residence.

18. DeGrenier admits he has extensive experience in both remodeling and constructing single-family homes, including managing the construction of single-family homes, but denies the remaining allegations contained in Paragraph 18.

19. Paragraph 19 refers to a document, which document speaks for itself.

20. Admit.

21. Paragraph 21 refers to a document, which document speaks for itself.

22. Paragraph 22 refers to a document, which document speaks for itself.

23. DeGrenier admits Carin DeGrenier performed some invoicing and record keeping, but denies the remaining allegations contained in Paragraph 23.

24. Paragraph 24 refers to a document, which document speaks for itself.

25. Paragraph 25 refers to a document, which document speaks for itself.

26. DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27. Paragraph 27 refers to a document, which document speaks for itself.

28. DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. Paragraph 29 refers to a document, which document speaks for itself.

30. DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Admit.

32. DeGrenier admits that there was communications with Ms. Sarandon and her staff by phone, text message and email.

33. DeGrenier admits that Ms. Sarandon and her staff would visit the Stamford Residence property.

34. Admit to the extent Mr. DeGrenier managed such work under the terms of the Agreement.

35. Admit to the extent Mr. DeGrenier managed such work under the terms of the Agreement.

36. Admit to the extent Mr. DeGrenier managed such work under the terms of the Agreement.

37. Admit.

38. DeGrenier admits that after he was informed by the company that supplied the corten steel that using corten steel on a roof would potentially rust and result in pinholes, he suggested that plaintiff use a roof with a wooden structure with asphalt shingles.

39. DeGrenier admits that after he was informed by the company that supplied the corten steel that using corten steel on a roof would potentially rust and result in pinholes, he suggested that plaintiff use a roof with a wooden structure with asphalt shingles and solar panels on the roof.

40. DeGrenier admits that Sarandon approved a design change regarding the roof, but is without knowledge or information that is sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40.

41. DeGrenier admits that after he was informed by the company that supplied the corten steel that corten steel was not meant for exterior siding he suggested that plaintiff utilize wood paneling on the exterior siding.

42. Denied.

43. DeGrenier admits that Sarandon approved a design change regarding the exterior siding but is without knowledge or information that is sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43.

44. Admit.

45. Upon information and belief, DeGrenier admits that Mr. Carnett was fired as a result of plaintiff being unsatisfied with the practically of his designs.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. DeGrenier admits that plaintiff asked him to be caretaker of the property, but denies the remaining allegations contained in Paragraph 50.

51. Admit.

52. Paragraph 52 refers to a document, which document speaks for itself.

53. DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 53.

54. Paragraph 54 refers to a document, which document speaks for itself.

55. DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 55.

56. DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57. Denied.

58. DeGrenier admits Sarandon would send him a request list that DeGrenier would answer. DeGrenier denies the remaining allegations contained in Paragraph 58.

59. DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 59.

60. Denied.

61. DeGrenier admits Sarandon would send him a request list that DeGrenier would answer. DeGrenier denies the remaining allegations contained in Paragraph 61.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Paragraph 66 refers to a document, which document speaks for itself.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. DeGrenier admits it was paid an advance of $150,000 and paid Norm D. Excavating $75,000, but denies the remaining allegations contained in Paragraph 72.

73. Denied.

103139598

74. DeGrenier admits it transmitted an invoice to Sarandon for tree removal work and tree planting work, but is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 74.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. DeGrenier is without knowledge or information that is sufficient to form a belief as to the truth of the allegations contained in Paragraph 79.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. DeGrenier admits, pursuant to Sarandon's approval, he purchased a snowblower for use at the property.

93. Denied.

94. Denied.

### COUNT I – Breach of Contract-Construction Management Agreement

95. DeGrenier repeats and realleges its responses to Paragraphs 1 through 94 as if set forth in full herein.

96. Paragraph 96 refers to a document, which document speaks for itself.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Paragraph 101 asserts a legal conclusion that does not require an answer. To the extent Paragraph 101 contains any allegations against DeGrenier, such allegations are denied.

WHEREFORE, DeGrenier denies that plaintiff is entitled to judgment or relief in any amount.

### COUNT II– Breach of Implied Warranties of Merchantability and Workmanship-Construction Management Agreement

102. DeGrenier repeats and realleges its responses to Paragraphs 1 through 101 as if set forth in full herein.

103. Paragraph 103 refers to a document, which document speaks for itself.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

103139598

109. Denied.

110. Paragraph 110 asserts a legal conclusion that does not require an answer. To the extent Paragraph 110 contains any allegations against DeGrenier, such allegations are denied.

WHEREFORE, DeGrenier denies that plaintiff is entitled to judgment or relief in any amount.

### COUNT III– Breach of Implied Covenant of Good Faith and Fair Dealing-Construction Management Agreement

111. DeGrenier repeats and realleges its responses to Paragraphs 1 through 110 as if set forth in full herein.

112. Paragraph 112 refers to a document, which document speaks for itself.

113. Paragraph 113 asserts a legal conclusion that does not require an answer. To the extent Paragraph 113 contains any allegations against DeGrenier, such allegations are denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Paragraph 119 asserts a legal conclusion that does not require an answer. To the extent Paragraph 119 contains any allegations against DeGrenier, such allegations are denied.

WHEREFORE, DeGrenier denies that plaintiff is entitled to judgment or relief in any amount.

### COUNT IV– Unjust Enrichment-Construction Management Agreement

120. DeGrenier repeats and realleges its responses to Paragraphs 1 through 119 as if set forth in full herein.

121. Denied.

122. Denied.

123. Paragraph 123 asserts a legal conclusion that does not require an answer.  To the extent Paragraph 123 contains any allegations against DeGrenier, such allegations are denied.

WHEREFORE, DeGrenier denies that plaintiff is entitled to judgment or relief in any amount.

## COUNT V– Fraudulent Misrepresentation -Qualifications

124. DeGrenier repeats and realleges its responses to Paragraphs 1 through 123 as if set forth in full herein.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Paragraph 129 asserts a legal conclusion that does not require an answer.  To the extent Paragraph 129 contains any allegations against DeGrenier, such allegations are denied.

WHEREFORE, DeGrenier denies that plaintiff is entitled to judgment or relief in any amount.

## COUNT VI– Fraudulent Misrepresentation-Invoicing, Accounting and Record Keeping Practices

130. DeGrenier repeats and realleges its responses to Paragraphs 1 through 129 as if set forth in full herein.

131. Denied.

132. Denied.

133. Denied.

134. Paragraph 134 asserts a legal conclusion that does not require an answer. To the extent Paragraph 134 contains any allegations against DeGrenier, such allegations are denied.

WHEREFORE, DeGrenier denies that plaintiff is entitled to judgment or relief in any amount.

### COUNT VII– Violation of Chp. 93-Construction Management Agreement

135. DeGrenier repeats and realleges its responses to Paragraphs 1 through 134 as if set forth in full herein.

136. Paragraph 136 refers to a document, which document speaks for itself.

137. Denied.

138. DeGrenier admits it received a letter from plaintiff's counsel, but denies that it met the requisites of Mass. Gen. Laws. Ch. 93A.

139. Denied.

140. Paragraph 140 asserts a legal conclusion that does not require an answer. To the extent Paragraph 140 contains any allegations against DeGrenier, such allegations are denied.

WHEREFORE, DeGrenier denies that plaintiff is entitled to judgment or relief in any amount.

### COUNT VIII– Breach of Contract-Caretaker Agreement

141. DeGrenier repeats and realleges its responses to Paragraphs 1 through 140 as if set forth in full herein.

142 Denied.

143. DeGrenier admits, pursuant to Sarandon's approval, he purchased a snowblower for use at the property.

144. Denied.

145. Denied.

146. Paragraph 146 asserts a legal conclusion that does not require an answer. To the extent Paragraph 146 contains any allegations against DeGrenier, such allegations are denied.

WHEREFORE, DeGrenier denies that plaintiff is entitled to judgment or relief in any amount.

### COUNT IX– Breach of Implied Covenant of Good Faith and Fair Dealing-Caretaker Agreement

147. DeGrenier repeats and realleges its responses to Paragraphs 1 through 146 as if set forth in full herein.

148. Paragraph 148 refers to a document, which document speaks for itself.

149. Paragraph 149 asserts a legal conclusion that does not require an answer. To the extent Paragraph 149 contains any allegations against DeGrenier, such allegations are denied.

150. Denied.

151. Denied.

152. Paragraph 152 asserts a legal conclusion that does not require an answer. To the extent Paragraph 152 contains any allegations against DeGrenier, such allegations are denied.

WHEREFORE, DeGrenier denies that plaintiff is entitled to judgment or relief in any amount.

### COUNT X– Unjust Enrichment-Caretaker Agreement

153. DeGrenier repeats and realleges its responses to Paragraphs 1 through 152 as if set forth in full herein.

154. Denied.

155. Denied.

156.   Paragraph 156 asserts a legal conclusion that does not require an answer. To the extent Paragraph 156 contains any allegations against DeGrenier, such allegations are denied.

WHEREFORE, DeGrenier denies that plaintiff is entitled to judgment or relief in any amount.

## COUNT XI-Conversion

157.   DeGrenier repeats and realleges its responses to Paragraphs 1 through 156 as if set forth in full herein.

158.   Denied.

159.   Denied.

160.   Paragraph 160 asserts a legal conclusion that does not require an answer. To the extent Paragraph 160 contains any allegations against DeGrenier, such allegations are denied.

WHEREFORE, DeGrenier denies that plaintiff is entitled to judgment or relief in any amount.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, DeGrenier denies each and every allegation of the Complaint except as specifically admitted above.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, DeGrenier states that plaintiff, by its conduct and actions and by the conduct and action of its agents and servants, cannot recover in this action.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, DeGrenier states that plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

**FIFTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, DeGrenier states that plaintiff is not entitled to recover because of its failure to mitigate damage.

**SIXTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, DeGrenier states that plaintiff breached the terms and conditions of said agreement, and that therefore plaintiff cannot recover.

**SEVENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, DeGrenier states that plaintiff's Complaint fails to state a claim against DeGrenier upon which relief can be granted in that DeGrenier has no obligation to pay plaintiff any amount of damages alleged.

**EIGHTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, DeGrenier states that plaintiff cannot recover due to the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, DeGrenier states that it complied with the terms of any and all agreements with plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, plaintiff is not entitled to recovery or relief due to its breach of the covenant of good faith and fair dealing.

**ELEVENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, DeGrenier states that if plaintiff incurred damages, as alleged, such damages were caused by someone for whose conduct DeGrenier is not legally responsible.

**TWELFTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, DeGrenier states that if plaintiff incurred damages, as alleged, such damages are due to the acts or negligence of another, which constitutes an intervening, superseding cause, and therefore DeGrenier is not liable.

## THIRTEENTH AFFIRMATIVE DEFENSE

DeGrenier reserves the right to add such other and further defenses as become apparent in the course of discovery.

## JURY CLAIM

DEGRENIER DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.

Defendants,
DeGrenier Contracting and Property Management LLC, Chad DeGrenier & Carin DeGrenier,

*/s/ Kathleen A. Federico*

Grace V.B. Garcia, BBO #640970
ggarcia@morrisonmahoney.com
Kathleen A. Federico, BBO #682722
kfederico@morrisonmahoney.com
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

### Certificate of Service

I hereby certify that this documents(s) filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 27, 2023.

*/s/ Kathleen A. Federico*

Kathleen A. Federico